UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CORY ROBERTS,<br>Defendant. | Case No. 14-mc-80304-VC<br><br>**ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA**<br>Re: Dkt. No. 1 |

The Securities and Exchange Commission has applied for an order to compel Phillip Cory Roberts to comply with an administrative subpoena. Commission staff seeks testimony from Roberts in connection with its *In Re Bay Peak, LLC* (HO-12431) investigation, which is focused on whether Roberts' company, Bay Peak, LLC, participated in illegal unregistered broker-dealer activity. Because the Commission has made a sufficient showing that: (1) it is authorized by Congress to conduct this investigation, (2) it properly served the administrative subpoena to Roberts, and (3) the subpoena was issued for a proper investigatory purpose, the Commission's application to compel compliance is granted. *See EEOC v. Karuk Tribe Housing Autho.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (quoting *EEOC v. Children's Hosp. Med. Ctr. Of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*)).

Commission staff first took Roberts' testimony on November 19, 2013, in connection with a different investigation, *In the Matter of Fuqi International, Inc.* After that testimony, Commission staff gathered further evidence and opened the *In re Bay Peak* investigation. On July 21, 2014, Commission staff provided a "Wells Notice" to Roberts through his counsel, James Masella, indicating that Commission staff had made a preliminary determination to recommend to the Commission that it initiate an action against Roberts and Bay Peak for violation of federal securities laws. Over the next couple of months Commission staff and Masella had a number of

phone calls and other communication concerning the investigation. Both parties acknowledge that Commission staff and Masella engaged in settlement discussions, which to this point have been unavailing, and Commission staff alleges that it learned new information through this communication which prompted it to seek additional and clarifying testimony from Roberts before making any recommendation to the Commission. Commission staff served Roberts with an administrative subpoena that required Roberts to appear for testimony on October 17, 2014, but Roberts failed to appear, thus prompting the Commission to file its application with this Court.

Roberts objects to the administrative subpoena on two grounds. First, he argues he was not properly served with the subpoena. But the Commission's own regulations, rather than the Federal Rules of Civil Procedure, govern service of an administrative subpoena, and the Commission has complied with the service requirements set forth in its regulations. 17 C.F.R. § 203.1 *et seq.* Second, Roberts argues that Commission staff is seeking additional testimony from Roberts for the improper purpose of gathering evidence that it will use against Roberts in future adversarial proceedings, which, according to Roberts, the Commission has already determined it will pursue as demonstrated by the Wells Notice. But the Wells Notice was not a definitive determination that the Commission would bring some action; in fact, Commission staff gave Roberts the opportunity to respond to the Wells Notice. What's more, only the Commission itself – not Commission staff – has the power to bring an action against Roberts, and at this point Commission staff have yet to make a recommendation to the Commission. Therefore, the Commission has made an adequate showing that the issuance of the administrative subpoena by its staff will serve a legitimate investigatory purpose as staff determines whether to recommend that the Commission take action against Roberts. *See, e.g.*, *SEC v. Stilwell*, 2014 WL 4631915, at *1; *SEC v. Sears*, 2005 WL 5885548, at *4.

The Commission's application is granted and Roberts is required to appear for testimony at the Commission's San Francisco Regional Office at an agreed-upon date and time within fourteen days of this Order.

1     **IT IS SO ORDERED**.

2   Dated: January 7, 2015

                                              _____

                                              VINCE CHHABRIA
                                              United States District Judge